Shauck, J.
On behalf of the defendants it is contended that the bond first tendered by the relators was rejected in good faith, and; *196 that such rejection was a reasonable exercise of their discretion. The evidence casts no doubt upon the good faith of the ■defendants. They applied 'the same rule to all bidders. But we are not persuaded that the rejection of this bond was a reasonable exercise of their discretion. The penalty of the bond was large, being equal to the contract price; and the evidence shows that the sureties residing in this and an adjoining county were responsible for many times the amount of the bond, and that those residing in the city of Columbus were responsible for more than twice its amount. An arbitrary rule of their own making could not excuse them from enquiring beyond the tax duplicate, to ascertain the responsibility of sureties residing in this city, or even in an adjoining •county. The commissioners have a large discretion in this respect, and it is their duty to require an ample bond; but it ought not to be affirmed as law that they may, by requirements that are plainly unnecessary, discourage the competition which it is the policy of the statute to promote.
Counsel for the defendants further contend that the peremptory writ must be refused because, since the bid of the relators is in excess of the preliminary estimate for the cut stone work, the contract would be illegal. Whether the preliminary estimates for the different kinds of mechanical labor are to operate as limitations upon the prices for those kinds •of labor respectively, has not been definitely determined. But if that is not their office it is very difficult to ascertain the purposes for which detailed estimates are required to be made, ■or the purpose for which sections seven hundred and eighty-seven and eight hundred were enacted. Such estimates are to be submitted to and approved by a joint board of the seven officers and persons designated, or a majority of them. The statute provides for “ detailed estimates ” and “ aggregate estimates.” If, as is claimed for the relators, a limitation upon the cost of the entire improvement is the only object to be attained by the approval of the estimates, the aggregate estimate alone is necessary or useful. Section seven hundred and eighty-seven provides that “ no contract or contracts shall be made for the labor or material herein provided for at a price in excess of the entire estimate thereof, etc.” Section eight *197 hundred, which applies only to contracts made by county commissioners, provides that “ no contract or contracts shall be made for the erection of any court house * * at a price in excess of the estimates in this chapter required to be made.” Notwithstanding the obvious purpose of the legislature to except contracts for the buildings mentioned in section eight hundred from the general rule prescribed in section seven hundred and eighty-seven, the construction of the relator’s counsel would leave them still subject to it.
The act of January 31, 1885, to further provide for the erection of a new court house in Franklin county, provides, in section three, that if any addition shall be made to said court house, such addition shall be first approved, specified arid estimated, and that the same shall be performed by the contractor for the work to which it belongs, at a price to be agreed upon, “ but in no case to exceed the estimate thereof approved as hereinbefore provided.” Either the contract price for the several branches of the work is limited by the respective estimates, or the cost of mere additions is guarded*more"scrupulously than that of the principal'subject of the contract. We conclude that the terms of the statute require that the cost of the several parts of the work, when separate contracts are made, must be within the preliminary estimates.This conclusion seems to be implied in Beaver & Butt v. Trustees of the Blind Asylum, 19 O. S., 97, and in State ex rel. Clough v. The Commissioners of Shelby County, 36 O. S., 326.
The commissioners have not proceeded, in violation of law, to award this contract to a higher bidder. They have rejected all bids for cut stone-work and have proceeded to advertise anew. The reported cases in Ohio furnish no precedent for the allowance of a peremptory writ of mandamus in such a case. In this direction they have gone so far only as to decide that if the commissioners determine not to re-advertise for proposals, it is their duty to enter into a contract with the lowest bidder, and that the court will compel the performance of that duty. But while bidders acquire rights which the courts will recognize, those rights must always be held subordinate to the public interests, whose protection is the leading object of this statute. At the opening of these proposals, the *198 •commissioners had an undoubted discretion to reject them all, ■Certainly such discretion must be exercised for a proper purpose. They would not be permitted to exercise it to accomplish fraud or favoritism. We need not resort to imagination for circumstances, in which a regard for public interests would require the exercise of such discretion. They abound in this ■case. The evidence shows that the proposal of the relators was in the alternative as to the kind of stone which they proposed to use. A contract founded on such proposal would be fruitful of controversy. Another bidder was asserting a legal right to the same contract. The defendants were told by a •competent legal adviser, that a contract with the .relators founded upon their proposal, would be illegal, because in ex•cess of the estimate.
Gibson Atherton and George B. Obey, for relators.
Converse, Booth & Keating, Henry C. Noble and R. B. Mont• gomery, for defendants.'
Whatever might be the right solution of these questions, we cannot say that the defendants were bound to decide them ■at their peril; and to vindicate their conclusions through litigation, at the expense of the public and to the detriment of the improvement they had undertaken. State ex rel. Clough v. Commissioners of Shelby County, 36 O. S., 326.
This discretion was not foreclosed by the conditional award to the relators. The statute expressly provides that a formal written contract shall be entered into, and, at least, until such ■contract was made, the matter was in negotiation merely.
If the defendants had improperly refused to make an award, the court would have compelled them to enter into a contract, nevertheless. Having improvidently made a conditional award, it was competent for them to rescind it for such reasons as appear here.
The contract tendered by the relators on the 23rd of February, is illegal, because it contains none of the stipulations re-quired by section seven hundred and ninety-three, and the alternative writ commands the defendants to execute that ■contract, or show cause for not doing so. Whether an amendment might now be made so as to require the execution of a proper contract it would be useless to determine.
Peremptory writ refused.